IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, COLONEL ROBERT J. CLARK in his official capacity as DISTRICT COMMANDER OF THE WILMINGTON DISTRICT and THE TOWN OF OCEAN ISLE BEACH.<br><br>　　　　Defendants. | No.7:17-cv-0162-FL |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**Fed. R. Civ. P. Rule 56; Local Civil Rule 7.1**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Civil Rule 7.1, and this Court's October 17, 2018 Order Allowing Status Report, Plaintiff National Audubon Society ("Audubon") moves for summary judgment on all of its claims. *See* Fed. R. Civ. P. 56; Local Civ. Rule 7.1 (EDNC); Dkt. 44.

As set forth in detail in the accompanying Memorandum of Law in Support of Audubon's Motion for Summary Judgment, Plaintiff respectfully submits that the Administrative Record establishes that the U.S. Army Corps of Engineers (the "Corps") acted arbitrarily and capriciously and unlawfully in allowing construction of a terminal groin at Ocean Isle Beach. The Corps violated the Clean Water Act and Administrative Procedure Act ("APA") when it approved a permit for a terminal groin at Ocean Isle Beach even though a less environmentally damaging practicable alternative existed, and failed to consider secondary impacts. Further, Audubon submits that the Corps violated the National Environmental Policy Act ("NEPA") and the APA when it accepted and published environmental impact statements that were prepared by a third party contractor with a known conflict of interest and failed to exercise adequate

1

oversight. The environmental impact statements consequently failed to provide the thorough and objective analysis of impacts and alternatives that NEPA requires. The Corps' actions were arbitrary and capricious, and contrary to law, violating the Administrative Procedure Act ("APA"). 5 U.S.C. § 701–06.

In support of this motion, Audubon states the following:

1. This case is based on the administrative record and there are no genuine issues of material fact regarding the Corps' actions under NEPA, the Clean Water Act, and the APA.

2. The Corps' controlling rationale for selecting the terminal groin as the least environmentally damaging practicable alternative was that it had the longest beach nourishment interval of the alternatives. But for an arbitrary, inconsistently applied limit on maximum beach nourishment volumes, at least one other alternative, channel realignment, would have the same beach nourishment interval. In addition, the record makes clear that the channel realignment alternative is less environmentally damaging. Therefore, the Corps violated the Clean Water Act when it approved the terminal groin over less environmentally damaging practicable alternatives.

3. Despite the extensive concern from the public and other agencies regarding the secondary impacts of the terminal groin as compared to other alternatives, the Corps limited its analysis of secondary impacts to, at most, five years. Secondary impacts, which are those impacts that indirectly result from the project, must be evaluated under Clean Water Act regulations. The Corps violated the Clean Water Act when it failed to evaluate secondary impacts.

4. The Corps relied on a supposedly objective third-party contractor, who simultaneously was an agent for the Town seeking a permit from the Corps, to prepare the environmental impact statement for the terminal groin. The agency failed to exercise adequate oversight of the conflicted third party or ensure that accurate information was included in the environmental impact statements. The Corps, therefore, violated NEPA.

5. The environmental impact statements for the proposed project predicted two shorelines for the alternatives. The first shoreline, based on direct application of model results, predicted lower erosion rates and was used to evaluate environmental effects. The second shoreline, based on

2

manipulated model results, predicted much greater erosion and was used to evaluate economic impacts. Even the Corps, in response to comments, recognized such a disjointed analysis was arbitrary and capricious. Yet the Corps allowed the Town's consultant to use the model for this and other inappropriate assessments. As a result, the Corps failed to rigorously explore and objectively evaluate reasonable alternatives and used arbitrary, unexplained assumptions to present the impacts of alternatives.

6. Due to these shortcomings as well as others outlined in the attached memorandum, the Corps failed to take a "hard look" at environmental impacts and violated NEPA.

7. Audubon represents more than 31,000 members and supporters in North Carolina, including many who use and enjoy the natural habitats at the east end of Ocean Isle Beach. This motion is supported by the accompanying declarations of organizational representatives and members.

8. On behalf of those members, Audubon respectfully requests that the Court

   a. Declare that the U.S. Army Corps of Engineers' approval of the environmental impact statement and record of decision was arbitrary and capricious under the APA and contrary to NEPA and its implementing regulations;

   b. Declare that the U.S. Army Corps of Engineers' approval of the Section 404 Clean Water Act Permit authorizing construction of a terminal groin was arbitrary and capricious and contrary to the Clean Water Act and its implementing regulations;

   c. Vacate the Record of Decision and Section 404 Clean Water Act permit (Action ID SAW-2011-01241);

   d. Award Audubon the costs of this action, including their reasonable attorneys' fees; and

   e. Grant Audubon such additional relief as the Court deems just and proper.

Respectfully submitted this 20th day of November 2018.

/s/ Geoffrey R. Gisler
Geoffrey R. Gisler
N.C. State Bar No. 35304
ggisler@selcnc.org

/s/ Kimberley Hunter
Kimberley Hunter
N.C. State Bar No. 41333
khunter@selcnc.org

/s/ Leslie Griffith
Leslie Griffith
N.C. State Bar No. 50133
lgriffith@selcnc.org

SOUTHERN ENVIRONMENTAL LAW CENTER
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421

*Attorneys for Plaintiff*
*National Audubon Society*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of November, 2018, I have served the foregoing Plaintiff's Motion for Summary Judgment on the parties listed below by electronically filing it with the Clerk of Court on this date using the CM/ECF system, which will send notification of such filing to, and pursuant to Local Civil Rule 5.1(e) shall constitute service upon, the following:

| | |
|---|---|
| Martin F. McDermott<br>Cynthia S. Huber<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>martin.mcdermott@usdoj.gov<br>cynthia.huber@usdoj.gov<br><br>*Attorneys for Federal Defendants* | Neal I. Fowler<br>Assistant United States Attorney<br>310 New Bern Avenue<br>Suite 800, Federal Building<br>Raleigh, N.C. 27601-1461<br>neal.fowler@usdoj.gov<br><br>*Attorney for Federal Defendants* |
| Todd S. Roessler<br>Philip A. Harris, Jr.<br>Kilpatrick Townsend & Stockton LLP<br>4208 Six Forks Road, Suite 1400<br>Raleigh, N.C. 27609<br>troessler@kilpatricktownsend.com<br>pharris@kilpatricktownsend.com<br><br>*Attorneys for Town of Ocean Isle Beach* | Chad D. Hansen<br>Kilpatrick Townsend & Stockton LLP<br>1001 West Fourth Street<br>Winston-Salem, N.C. 27101<br>chadhansen@kilpatricktownsend.com<br><br>*Attorney for Town of Ocean Isle Beach* |

      /s/ Kimberley Hunter
      Kimberley Hunter
      *Attorney for Plaintiff*
      *National Audubon Society*

5

Case 7:17-cv-00162-FL Document 47 Filed 11/21/18 Page 5 of 5